James Robert **HART**, Appellant,

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Jackson.

Oct. 4, 1979.

Permission to Appeal Denied by Supreme Court Jan. 28, 1980.

Brett B. Stein, Phillip E. Kuhn, Memphis, for appellant.

William M. Leech, Jr., Atty. Gen., Sylvia Ford Brown, Asst. Atty. Gen., Nashville, Paul Thomas Hoover, Jr., Asst. Dist. Atty. Gen., Memphis, for appellee.

OPINION

TATUM, Judge.

The appellant, James Robert Hart, appeals from conviction of burglary in the first degree for which he was sentenced to a term of five years in the penitentiary, and criminal sexual conduct in the third degree, for which he was sentenced to not less than three years nor more than five years in the

penitentiary. The two sentences were ordered to run concurrently.

In his only assignment of error, the appellant complains of the arresting officer's testimony that at the time of the arrest, "he advised the defendant of his rights." The appellant says that this was an impermissible comment on his silence and thus a violation of his rights under the Fifth and Sixth Amendments to the United States Constitution. The context of the testimony complained of is:

> Q. I believe, Officer Nichols, you were describing for the jury and the Court—You had gotten to the back door, I believe. And will you describe what happened after that?
> A. Okay. We went to the back door where we was let in, and we asked the subject to let us in if he was James Hart. And he stated that he was, at which time we advised him that he was under arrest, and *we advised him of his rights.* At which time we carried him out to the squad car. (Emphasis supplied)

The appellant's argument is that this testimony communicated to the jury that the defendant did not deny an accusation of guilt. The appellant cites *Harrison v. State*, 532 S.W.2d 566 (Tenn.Cr.App.1975) in which this court held that it was improper for the State to elicit from a witness testimony that the defendant refused to make any statement after being advised of his constitutional rights.

We have no quarrel with the holding in the *Harrison* case, but we do not have the same fact situation in the case before us. Here, the officer did not testify that the appellant remained silent in the face of an accusation; the evidence was that after arresting him and advising him of his rights, the officer immediately took him to the police car. There is nothing in the testimony of the officer from which a jury could infer that the appellant remained silent or that an accusation was made.

While we do not think that the evidence was significantly relevant or of probative effect, we find that it did not violate any constitutional right of the appellant. Also,

we are convinced beyond a reasonable doubt that the evidence did not affect the result of the trial. T.C.A. § 27–117.

We also note that as the appellant did not raise this question in his motion for a new trial, he is precluded from raising it here. *Harrison v. State, supra.*

We have examined the record for fundamental error, including the consideration of the questions raised by the appellant in his motion for a new trial, but not assigned as error in this court. We find no patent invalidating error or fundamental error; we therefore affirm the judgments of the Criminal Court.

WALKER, P. J., and DAUGHTREY, J., concur.